# In the United States Court of Federal Claims

| | |
|---|---|
| EDDIE LEE FRAY,<br>Plaintiff,<br>v.<br>THE UNITED STATES,<br>Defendant. | No. 26-980<br>Filed November 23, 2026 |

Eddie Lee Fray of Cantonment, FL, pro se, is plaintiff.

Thomas Sullivan of the U.S. Department of Justice, Civil Division, appeared for defendant. With him on the briefs were Brett A. Shumate, Scott Bolden, and Philip Charles Sternhell, of the U.S. Department of Justice, Civil Division.

**OPINION AND ORDER**
**Granting the government's motion to dismiss and denying Mr. Fray's cross-motion for summary judgment or for judgment on the administrative record**

Eddie Lee Fray, proceeding without an attorney, filed a complaint in this court, alleging that the Department of Transportation and National Highway Traffic Safety Administration infringed his copyrighted work addressing hot car deaths in children and took his intellectual property without just compensation. The government moves to dismiss the complaint under this court's rules 12(b)(1) and 12(b)(6) for lack of subject-matter jurisdiction and for failure to state a claim.

Mr. Fray has failed to plausibly allege that the government has infringed his copyright; even taking as true the allegation that the government implemented policies to prevent hot car deaths in children and that the policies embody the concepts in Mr. Fray's copyrighted work, Mr. Fray has not pointed to any government text that copies Mr. Fray's copyrighted work. To the extent that Mr. Fray alleges that the government took his intellectual property without just compensation in a way that is independent of the copyright-infringement claim, the legal analysis is the same.

The court will therefore dismiss Mr. Fray's complaint. The court will also deny Mr. Fray's motions for summary judgment, for judgment on the administrative record, to strike, and for sanctions. The court will deny as moot Mr. Fray's motion to "close the door" and for an expedited opinion. The court will grant Mr. Fray's motion for leave to file supplemental authority.

## I. Background

Mr. Fray holds Copyright Registration No. TXu 2-036-254 for "See-Baby," a "vehicular interior security monitoring system consisting of a camera, seat belt, seat sensors, speed odometer and display." ECF No. 7-1 at AA53-54.[1] The document refers to See-Baby as a "vehicular interior security monitoring system" to help prevent hot car deaths in children. *Id.* at AA54. In 2015, Mr. Fray submitted a petition to the National Highway Traffic Safety Administration (NHTSA) requesting "that the Secretary of Transportation mandate installation of specific products and systems" he had created, including See-Baby. *Id.* at AA1-51.

Around the same time, according to the complaint, Mr. Fray "presented his proprietary safety designs" to Dr. Rodney Rudd who worked at NHTSA. ECF No. 1 at 3 [¶10]. Dr. Rudd "formally incorporated the proprietary plans directly into the agency's research infrastructure." *Id.* Dr. Rudd also "elevated the technical data up the chain of command to higher-level agency officials within the rulemaking and engineering divisions" of NHTSA. *Id.* at 3 [¶11]. Officials at the agency confirmed receipt of Mr. Fray's petition for rulemaking in 2016 and stated that they would evaluate his request. *Id.* at 4-5 [¶¶13-14] (citing ECF No. 1-1 at 8-10). For the next seven years, Mr. Fray did not hear from the Department of Transportation (DOT) or NHTSA.

[1] Throughout his complaint, Mr. Fray refers to his copyrighted work as "C-Baby," not "See-Baby," as it is named in official documents. The court will refer to Mr. Fray's work as "See-Baby." *See* ECF No. 7-1 at AA53-59.

Mr. Fray followed up with NHTSA in 2023 through constituent inquiries executed by then-Senator Marco Rubio's office. *Id.* at 5-6 [¶¶14-15] (citing ECF No. 1-1 at 11-13). The agency responded each time that it "continues to evaluate Mr. Fray's request." *E.g.*, ECF No. 1-1 at 12. In September 2023, NHTSA rendered a final decision and denied Mr. Fray's petition. *See* Federal Motor Vehicle Safety Standards, Eddie Lee Fray, 88 Fed. Reg. 65149, 65149 (NHTSA Sept. 21, 2023); ECF No. 1-1 at 15.

By statute, NHTSA may "issue safety standards for new motor vehicles and new items of motor vehicle equipment." 88 Fed. Reg. at 65149; *see also* The National Traffic and Motor Vehicle Safety Act, 48 U.S.C. § 30101. But the agency "does not endorse any vehicles or items of equipment." 88 Fed. Reg. at 65149. Because Mr. Fray's petition requested that NHTSA "mandate" his specific inventions and systems, the agency would not initiate rulemaking procedures. *Id.* NHTSA also concluded that Mr. Fray's request to "develop, demonstrate, and evaluate his proposed countermeasures" fell outside the scope of a petition for rulemaking. *Id.* The agency listed the copyright registration numbers for some of Mr. Fray's ideas but did not include the See-Baby registration number. ECF No. 1 at 8 [¶19].

Although NHTSA rejected Mr. Fray's petition, it noted that it shares his "concerns about the risk of pediatric heatstroke in vehicles and is committed to taking the appropriate steps to address this issue." 88 Fed. Reg. at 65149. The agency noted that it "has recently initiated a rulemaking to establish a new requirement to address" pediatric vehicular hyperthermia. *Id.* Section 24222 of the Infrastructure, Investment and Jobs Act (also known as the Bipartisan Infrastructure Law, or "BIL") directed DOT to "issue a final rule requiring that passenger motor vehicles be equipped with a system to alert the operator to check rear-designated seating positions after the vehicle engineer or motor is deactivated." 88 Fed. Reg. at 65150 (citing BIL, Pub. L. 117-58, 135

Stat. 429 § 24222 (2021)). The BIL also mandated that NHTSA "conduct studies on the potential retrofitting" of vehicles with "rear-seat alert systems" to "reduce the risk of children being left" unattended. *Id.* And NHTSA further began researching "the practicality of issuing performance standards that would require detection of unattended occupants in rear seats." *Id.*

Mr. Fray twice sued the government in the U.S. District Court for the District of Columbia, alleging that the government had fraudulently denied his request to undertake rulemaking and also took his intellectual property. Both suits were mostly unsuccessful, but one claim under the Freedom of Information Act remains pending. *See Fray v. Buttigieg*, No. 23-3708, 2024 WL 1758634 (D.D.C. Apr. 24, 2024); *Fray v. Duffy*, No. 24-3114, 2025 WL 31516147 (D.D.C. Nov. 21, 2025).

In July 2026, Mr. Fray filed suit in this court, alleging copyright infringement and taking of his work. ECF No. 1. He seeks $20 billion plus interest. ECF No. 1 at 14; ECF No. 23 at 2. The government moved to dismiss for failure to state a claim and for lack of subject-matter jurisdiction. *See* ECF No. 7. Mr. Fray cross-moved for summary judgment or for judgment on the administrative record. ECF No. 8.

Mr. Fray filed multiple additional notices, including notices to clarify that the government had provided some documents from a different case rather than his case and notices about his valuation of damages and settlement proposal. ECF No. 11 (notice of clarification regarding exhibit page AA70); ECF No. 12 (another notice about exhibit page AA70 and irregular service); ECF No. 23 (notice of amended damages); ECF No. 27 (notice of withdrawal of voluntary settlement overtures). Mr. Fray also filed motions to strike, for sanctions (ECF No. 10), for leave to file supplemental authority (ECF No. 22), to "close the door" to further government argument, and for an expedited ruling (ECF No. 25). The court has reviewed all of those documents.

## II. Discussion

This court's jurisdiction is primarily defined by the Tucker Act, which provides the court with exclusive jurisdiction to decide specific types of monetary claims against the United States. *Kanemoto v. Reno*, 41 F.3d 641, 644 (Fed. Cir. 1994); 28 U.S.C. § 1491(a)(1). Under 28 U.S.C. § 1498(b), the court also has exclusive jurisdiction "whenever the copyright in any work" is infringed by the U.S. government.

Rule 12(b)(6) of the Rules of the Court of Federal Claims (RCFC) requires a plaintiff to bring a claim on which this court can grant relief. On a motion to dismiss under rule 12(b)(6), the court must accept well-pleaded factual allegations as true and draw all reasonable inferences in the plaintiff's favor. *Lindsay v. United States*, 295 F.3d 1252, 1257 (Fed. Cir. 2002). The court need not accept the parties' legal conclusions as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007)). "A complaint must be dismissed under Rule 12(b)(6) when the facts asserted do not give rise to a legal remedy, or do not elevate a claim for relief to the realm of plausibility." *Laguna Hermosa Corporation v. United States*, 671 F.3d 1284, 1288 (Fed. Cir. 2012) (citing *Lindsay*, 295 F.3d at 1257, and *Iqbal*, 556 U.S. at 679). This court has traditionally held the pleadings of a pro se plaintiff to a less stringent standard than those of a litigant represented by counsel. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (stating that pro se complaints, "however inartfully pleaded[,] are held to less stringent standards than formal pleadings drafted by lawyers" (marks omitted)). The court has therefore exercised its discretion in this case to examine the pleadings "to see if [the pro se] plaintiff has a cause of action somewhere displayed." *Ruderer v. United States*, 188 Ct. Cl. 456, 468 (1969).

Under RCFC 12(b)(1) and 12(h)(3), the court must dismiss an action if it "determines at any time that it lacks subject-matter jurisdiction." *See also Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94 (1998) ("Jurisdiction is power to declare the law, and when it ceases to

exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." (quotation marks omitted). Pro se plaintiffs, like other plaintiffs, have the burden of establishing the court's jurisdiction by a preponderance of the evidence. *See Landreth v. United States*, 797 F. App'x 521, 523 (Fed. Cir. 2020).

**A. Mr. Fray's does not allege that the government infringed the copyrightable aspects of his "See-Baby" work**

Mr. Fray alleges that DOT and NHTSA, by implementing standards for preventing children from being left in hot cars, infringed his "See-Baby" copyright. ECF No. at 12 [¶¶29-31]. The government argues that Mr. Fray accuses DOT and NHTSA only of infringing the "ideas, systems, concepts, or discoveries" in his See-Baby work, rather than copying the copyrighted text. ECF No. 7 at 17.

Copyright law protects an author's original expression. *Feist Publishing, Inc. v. Rural Telephone Services Co.*, 499 U.S. 340, 349 (1991). "[N]o author may copyright his ideas or the facts he narrates." *Id.* at 345 (quotation marks omitted). Under the Copyright Act, copyright protection does not extend to "any idea, procedure, process, system, method of operation, concept, principle, or discovery, regardless of the form in which it is described, explained, illustrated, or embodied in such work." 17 U.S.C. § 102(b). Thus, although an author has a right to his original expression, "society is free to exploit facts, ideas, processes, or methods of operation in a copyrighted work." *Atari Games Corp. v. Nintendo of America Inc.*, 975 F.2d 832, 842 (Fed. Cir. 1992).

A plaintiff asserting copyright infringement must establish "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Chamberlain Group, Inc. v. Skylink Technologies, Inc.*, 381 F.3d 1178, 1193 (Fed. Cir. 2004) (quoting *Feist*, 499 U.S. at 361).

The court will take judicial notice of the copyright registration for Mr. Fray's See-Baby work. *See In re Brunetti*, 151 F.4th 1367, 1377 n.12 (Fed. Cir. 2025) (taking judicial notice of registered trademarks under Federal Rule of Evidence 201). The government does not dispute the validity of Mr. Fray's copyright registration. *See, e.g.*, ECF No. 16 at 5 (government "takes no position on the validity of the See-Baby Work's registration"). Instead, the government argues that Mr. Fray has not established and cannot establish that the government copied any part of the See-Baby text. The court accepts as true that Mr. Fray's See-Baby work contains copyrightable text but agrees with the government that Mr. Fray has not alleged that the government copied any of that text.

Mr. Fray alleges that the "intentional omission of [the See-Baby copyright registration] from the public registry, coupled with decade-long internal retention, structural absorption of the work's technical utility, and the absolute lack of prior merits adjudication or compensation, constitutes a clear, uncompensated taking and unauthorized use of protected property by the United States under 28 U.S.C. Section 1498(b)." ECF No. 1 at 10 [¶26]. Thus, Mr. Fray alleges that DOT and NHTSA infringed his See-Baby copyright by extracting utility from and relying on the concepts presented in the copyrighted text. *See id.* at 7 [¶17]; *see also id.* at 8 [¶20] (referring to the government's "unauthorized utility extraction and systematic reliance on Plaintiff's copyrighted work"); ECF No. 8 at 5 (accusing DOT and NHTSA of "absorb[ing] … proprietary textual specifications and safety frameworks into federal agency mandates and regulatory implementations"). He does not allege government use of the text; in fact, he alleges "intentional omission" of that text. ECF No. 1 at 10 [¶26].

Mr. Fray agreed to limit his copyright to the text alone. ECF No. 7-1 at AA65. Thus, only copying of the text itself could constitute copyright infringement. Even if DOT and NHTSA used

the concepts from Mr. Fray's See-Baby work, that use does not violate copyright law. *Atari*, 975 F.2d at 842. Mr. Fray has not alleged that the government copied any text from the See-Baby work. Nor does he identify any text published by the government that matches the text of the See-Baby work. He therefore cannot prove copyright infringement.

This court addressed similar claims in *Aljindi v. United States*, No. 21-1295, 2022 WL 17330006, *2 (Fed. Cl. Nov. 28, 2022). There, the plaintiff alleged that the government infringed his doctoral dissertation on "Information Security, AI, and [Legacy Information Systems]" by publishing work concerning artificial intelligence. *Id.* The court noted that the plaintiff was claiming copyright protection not for the dissertation's text or literary form, but for the ideas, concepts, principles, or discoveries the dissertation contained. *Id*. The court dismissed the plaintiff's complaint because it related to "uncopyrightable ideas." *Id.* On appeal, the Federal Circuit affirmed, explaining that the plaintiff "alleged only that the government infringed certain of his ideas, concepts, principles, or discoveries, which by definition cannot be copyrighted." *Aljindi v. United States*, No. 23-1230, 2023 WL 2778689, *2 (Fed. Cir. Apr. 5, 2023) (marks omitted). Like the plaintiff in *Aljindi*, Mr. Fray is seeking copyright protection for the ideas described in the See-Baby work, not for the text of the work itself. Those ideas are not copyrightable. Thus, like the plaintiff in *Aljindi*, Mr. Fray has failed to plausibly allege that the government infringed his copyrighted work.

Mr. Fray also alludes to a takings claim under the Fifth Amendment on the same basis. He seeks "just compensation for the taking of his intellectual property rights." ECF No. 1 at 14; *see* ECF No. 8 at 6; ECF No. 18 at 21-23. But Mr. Fray's takings claim is based on the same allegations

as his copyright infringement claim, and any takings claim based on copyright infringement fails for the same reason that Mr. Fray's copyright infringement claim fails.[2]

### B. Mr. Fray's cross-motion for summary judgment or for judgment on the administrative record is moot

In response to the government's motion to dismiss, Mr. Fray cross-moved for summary judgment or for judgment on the administrative record. ECF No. 8. Mr. Fray's complaint fails to state a claim, and his motion for summary judgment or for judgment on the administrative record does not cure the deficiencies in his complaint. The court will therefore deny Mr. Fray's cross-motion for summary judgment or for judgment on the administrative record as moot.

### C. The court addresses Mr. Fray's other motions

Mr. Fray has filed three other motions. ECF Nos. 10, 22, 25. First, Mr. Fray moves for sanctions and to strike page AA63 of exhibit 3 to the government's motion to dismiss. ECF No. 10 at 1. Mr. Fray argues that the court should sanction the government because it "actively misled the Court by pointing to the administrative prefix 'SR' … attempting to trick [the court] into believing that [Mr. Fray's] filing was an invalid registration or rejected application." ECF No. 10 at 1. He also argues that the court should strike page AA63, which contains the "SR" prefix, because the page is "misleading" and the government uses it to "trick [the court] into believing that [Mr. Fray's] filing was an invalid registration or rejected application." *Id.*

The government never pointed to the prefix "SR" on page AA63 in its briefs, nor did it argue that Mr. Fray's See-Baby copyright registration was invalid. In fact, the government does

---

[2] The government argues that this court lacks jurisdiction over Mr. Fray's takings claim. ECF No. 7 at 21-24. But it cannot be true that invoking the word "takings" deprives this court of jurisdiction over a copyright claim, when this court has jurisdiction over both takings and copyright claims. *Cf. Aljindi*, 2026 WL 1643327 at *3-5 (explaining that this court lacked jurisdiction over a copyright claim dressed up as only a takings claim, where the plaintiff disclaimed any theory of copyright infringement).

not dispute the validity of Mr. Fray's See-Baby copyright registration, at least for purposes of its motion to dismiss. *See, e.g.*, ECF No. 1-1 at 1; ECF No. 7 at 9; ECF No. 16 at 5. The government points out that, on AA63, the Copyright Office informed Mr. Fray that his See-Baby work "contains copyrightable 'text.'" ECF No. 7 at 9, 16 (citing ECF No. 7-1 at AA63). Thus, Mr. Fray does not point to anything that the government has attempted to conceal. And to the extent that Mr. Fray requests that AA63 be considered in the context of the entire record, the court has considered all of the submitted documents, including Mr. Fray's notices (ECF Nos. 11, 12, 22, 23, 25, 27), when deciding this case. Thus, Mr. Fray has not shown that there is good cause for sanctions or for striking AA63. Further, because Mr. Fray does not mention his request for sanctions in his reply in support of the motion (ECF No. 17), it appears that he has dropped the request for sanctions. Whether or not he has dropped the request, the court will deny Mr. Fray's motion to strike and for sanctions.

Second, Mr. Fray filed a motion for leave to file supplemental authority. ECF No. 22. In that motion, he seeks to introduce two letters, one to Senators Ted Cruz and Ashley Moody (ECF No. 22 at 5-15) and one to the House Committee on Oversight and Accountability (*id.* at 16-18), concerning this case and one of his D.C. district court cases. For good cause shown, the court will grant Mr. Fray's motion for leave to file the supplemental authority.

To the extent that Mr. Fray's motion and letters raise allegations against other courts (ECF No. 22 at 1-2), raise allegations against government actors for obstruction (*id.*), or allege criminal conduct (*id.* at 2-3), the court notes that those allegations are outside the court's jurisdiction. *Vereda, Ltda. v. United States*, 271 F.3d 1367, 1375 (Fed. Cir. 2001) ("[T]he Court of Federal Claims cannot entertain a taking claim that requires the court to scrutinize the actions of another tribunal." (quotation marks omitted)); *Fullard v. United States*, 77 Fed. Cl. 226, 230 (2007) ("This

court lacks jurisdiction over plaintiff's conspiracy claim because the Tucker Act specifically states that the Court of Federal Claims does not have jurisdiction over claims 'sounding in tort.'"); *Joshua v. United States*, 17 F.3d 378, 379 (Fed. Cir. 1994) (This court "has no jurisdiction to adjudicate any claims whatsoever under the federal criminal code.").

Third, Mr. Fray filed a motion to "close the door" to additional government argument and for an "expedited ruling based on the evidentiary dossier." ECF No. 25. Mr. Fray asks the court to "close its doors to any motions, procedural defenses, or attempts by defense counsel … to legitimize the agency's unlawful delays." ECF No. 25 at 2. He also asks the court to issue an "expedited ruling in the absolute public interest." *Id.* at 3. Because this opinion disposes of Mr. Fray's case, the court will deny Mr. Fray's motions to "close the door" and for an expedited ruling as moot.

## III. Conclusion

For the reasons stated above, this court **grants** the government's motion to dismiss (ECF No. 7) and **denies as moot** Mr. Fray's cross-motion for summary judgment or for judgment on the administrative record (ECF No. 8). The court **denies** Mr. Fray's motion for sanctions and to strike (ECF No. 10). The court **denies as moot** Mr. Fray's motion to "close the door" and for an expedited ruling (ECF No. 25). The court **grants** Mr. Fray's motion for leave to file supplemental authority (ECF No. 22).

This case is dismissed. This is a final, appealable order. The clerk of the court shall enter judgment accordingly.

**IT IS SO ORDERED.**

/s/ Molly R. Silfen
MOLLY R. SILFEN
Judge